UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-168-EHJ

DORIS RENEE ETHRIDGE                                                                                   PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's objections to Magistrate Judge King's Report and Recommendation that the Commissioner's decision denying disability insurance and supplemental security income benefits be upheld. After conducting a de novo review of plaintiff's specific written objections, the Court adopts the magistrate's recommendation and the Commissioner's determination is affirmed.

Plaintiff's objections to the magistrate's report include: 1) the ALJ failed to properly apply the medical improvement standards of Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997) to her previously adjudicated mental impairments, and the ALJ should have considered the fibromyalgia and mental impairments in combination; 2) the ALJ improperly applied the treating physician rule to Dr. French's opinions; and 3) the ALJ did not properly judge her credibility.

The plaintiff's first argument concerns evaluation of plaintiff's fibromyalgia condition in combination with the mental impairments that were found in a previous adjudication by ALJ Kim Parrish in 1996. In support of her contention, plaintiff suggests that the ALJ did not consider the Drummond case when making his determination that the mental impairments were not severe. This Court's reading of Drummond indicates that, absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. Plaintiff contends that the

ALJ's analysis was completely lacking in the requisite <u>Drummond</u> analysis. It is true that the ALJ did not cite <u>Drummond</u> or explicitly apply its holding in the Decision. However, the magistrate judge found that the ALJ implicitly found medical improvement in the claimant's mental condition when he found no severe mental impairment. This Court agrees with the magistrate's logical deduction.

The medical records provide ample substantial evidence to support the ALJ's finding of non-severity: Dr. Cabezas found that the claimant no longer needed antidepressants, was no longer pursuing mental health treatment, and that her depressive disorder was in full remission. In accord with the magistrate's analysis, this Court finds that Dr. Cabezas' diagnosis following his clinical examination constitutes substantial basis for the ALJ's implicit finding of changed circumstances and medical improvement as is necessary under <u>Drummond</u>.

Plaintiff further argues that the ALJ improperly applied the treating physician rule to the opinions of Dr. French, and the ALJ did not properly judge her credibility. The Court rejects these arguments as well, relying upon the thorough analysis contained within the magistrate's report. The ALJ's Decision aptly considered both the objective medical evidence in addition to the credibility factors set forth in 20 C.F.R. §404.1529 and §416.929. As the Court is in full agreement with the magistrate judge's analysis of the evidence, it will not burden the record with a repetition of that analysis.

The undersigned agrees with plaintiff's counsel that the record is long and complicated, and that the claimant is entitled to a decision based upon a full consideration of the record. Like plaintiff's counsel, this Court has also spent an exorbitant amount of time reviewing this case, and it has a great deal of sympathy for Ms. Ethridge's situation. While this Court may have analyzed

2

the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).  The Report and Recommendation of the magistrate are adopted, and the Commissioner's decision is upheld.  A Judgment in conformity with this Memorandum Opinion has this day been entered.